UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEFFERY BENJAMIN,

                Plaintiff,                              **MEMORANDUM AND ORDER**
                                                                                  23-CV-3127 (LDH) (RER)

       -against-

RALPHFE BENJAMIN; JEAN LYS;
SHAKAISHA WALKER; KASHAWN
JENKINS; JEROME WALKER,

                Defendants.
-----------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Jeffery Benjamin, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff brings this action in connection with a housing dispute between Plaintiff and private individuals, including family members of Plaintiff. (*Id.*) Plaintiff alleges that on February 26, 2021, his uncle, "Ralphfe Benjamin had allegedly taken over the house . . . and refused to allow [Plaintiff] back in or to take any of [his] possessions." (*Id.* at 7.) Plaintiff further alleges that on July 1, 2021, the homeowner, Jean Lys, used "force to induce [Plaintiff] to vacate the dwelling" by reporting to police that Plaintiff possessed a gun in an attempt to get him arrested and removed from the premises. (*Id.*) Plaintiff seeks money damages. (*Id*. at 12.)

## STANDARD OF REVIEW

      A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B). In addition, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

## DISCUSSION

I. **Section 1983**

Section 1983 allows individuals to bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or

constitutional rights.  *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983).  To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).  Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'"  *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal citations omitted).

Here, Plaintiff has not alleged that defendants are state actors, acted under color of state law, or conspired with state actors to violate plaintiff's rights.  *See Vazquez v. Combs*, No. 04-CV-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order . . . does not give rise to a claim against the complainant for a civil rights violation.").  Accordingly, all claims against these private individuals are dismissed.

## II. Landlord Tenant Claims

It is well settled that "federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters."  *Cain v. Rambert*, No. 13-CV-5807, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (internal citations omitted); *see also Bey v. Jones*, No. 19-CV-2577, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("the Court lacks federal question jurisdiction over [plaintiff's] state law claims in this landlord-tenant matter"); *McMillan v. Dep't of Bldgs.*,

3

No. 12-CV-318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings). Therefore, Plaintiff's claims against all named defendants related to landlord-tenant matters must also be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead where amendment would be futile. *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011) (affirming the district court's decision to dismiss pro se complaint without leave to amend where the amendment would be futile). The Court declines to grant Plaintiff leave to amend as it finds that amendment would be futile.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Accordingly, the Clerk of Court is respectfully directed to enter judgment, close the case, mail a copy of this Memorandum and Order to the pro se Plaintiff, and note the mailing on the docket.

SO ORDERED.

/s/ LDH_____
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
      May 13, 2025